FRANCIS M. HOLMES & others *vs.* SARAH W. WINCHESTER.

Suffolk.    March 24. — June 28, 1882.    ENDICOTT & FIELD, JJ., absent.

A wife's release of dower in her husband's land, at his request and for his benefit, in consideration of an agreement by him to make a transfer to her of shares of stock in a corporation, which are no more than a fair equivalent for the value of the dower, he being solvent at the time of making such agreement, vests in her such an equitable title to the shares agreed to be transferred, that his assignees in insolvency cannot, on a bill in equity, avoid a subsequent transfer of the shares to her, made by him when insolvent, under such circumstances that it would be in fraud of the Gen. Sts. *c.* 118, § 91, if the property then belonged to him.

BILL IN EQUITY, filed January 8, 1881, by the assignees in insolvency of George C. Winchester, to compel the transfer of 250 shares of the stock of the Ashburnham Railroad Company, conveyed by Winchester to the defendant, his wife. Hearing before *Field*, J., who found the following facts:

On July 1, 1878, George C. Winchester executed and delivered to certain persons, as trustees, a mortgage upon land in Ashburnham, in which mortgage the defendant joined, releasing dower.

At the time of this conveyance, George C. Winchester was the owner of all the stock of the Ashburnham Railroad Company, which consisted of 300 shares; and, in consideration of the release of dower by the defendant, he orally promised and agreed to give her said 300 shares of stock, and also to pay her the sum of $10,000 in cash as compensation therefor, which was only a reasonable compensation for her release of dower.

In June 1879, George C. Winchester was insolvent, and knew that he was insolvent. Proceedings in insolvency were instituted against him in September 1879, and the plaintiffs were duly appointed his assignees. With a view of performing his said promise and agreement with the defendant, which he had neglected to this time to perform, he, in June 1879, and when he knew he was insolvent, and with a view of preventing said stock and the property therein from coming to his assignees in insolvency, caused 250 shares of said stock to be transferred to the defendant. At the time of this transfer, the defendant had reasonable cause to believe that her husband was insolvent, and

that he made the transfer with the view of preventing said property from coming to his assignees in insolvency; and such transfer was in fraud of the laws relating to insolvency.

Upon these facts, the judge ruled that the defendant had no right to retain the stock as against the plaintiffs; entered a decree, ordering her to transfer the same to them; and, at her request, reported the case for the determination of the full court.

*G. F. Verry & F. A. Gaskill,* for the defendant.

*S. Hoar,* for the plaintiffs.

C. ALLEN, J. A wife's release of dower in her husband's lands, given at his request and for his benefit, is a valuable consideration for a conveyance by him to her of property which is no more than a fair equivalent. *Bullard* v. *Briggs,* 7 Pick. 533. *Sykes* v. *Chadwick,* 18 Wall. 141. *Garlick* v. *Strong,* 3 Paige, 440. It is in this respect like a conveyance of her separate property for his benefit and at his request. In consideration of such a release, the husband in this case agreed to give her the specific shares in question, and more, and also a sum of money. It must be presumed, if the fact is important, that he was solvent at the time; and that, in releasing her dower and accepting his promise for specific reimbursement, she acted in good faith.

In equity, for many purposes, a husband and wife are regarded as distinct persons, and capable of contracting with each other; and it violates no principle of equity to hold the husband's contract in this case valid and enforceable by her. 2 Kent Com. 164, 166, 174. Story Eq. Jur. §§ 1372, 1373, 1377 *a.* *Wallingsford* v. *Allen,* 10 Pet. 583, 594. *Arundell* v. *Phipps,* 10 Ves. 139. The circumstance that no trustee was appointed does not destroy the contract. A husband may be a trustee for his wife, either under an express, or implied, or resulting trust. *Turner* v. *Nye,* 7 Allen, 176, 181. *Hayward* v. *Cain,* 110 Mass. 273. *Walker* v. *Walker,* 9 Wall. 743. The agreement was to convey to her all the shares of the corporation. A bill in equity will lie to enforce specific performance of such an agreement. *Todd* v. *Taft,* 7 Allen, 371. *Duncuft* v. *Albrecht,* 12 Sim. 189. *Cheale* v. *Kenward,* 3 DeG. & J. 27. From the time of making the agreement to give these shares to his wife, the husband held them as

trustee for her; and she was from that time forward the equitable owner of them. Story Eq. Jur. §§ 789–792. To protect and enforce this interest as equitable owner, she would at any time have been entitled to the aid of a court of equity. *Atlantic National Bank* v. *Tavener*, 130 Mass. 407, and cases there cited. There was therefore no interest in these shares to which the assignees in insolvency of the husband were entitled. They were not the property of the husband. He held them merely as trustee, with no beneficial interest in them. Assignees in insolvency take their title subject to all equities, unless it is specially provided otherwise by statute. Story Eq. Jur. §§ 1038, 1228, 1229, 1411. *In re McKay*, 1 Lowell, 345. *In re Griffiths*, 1 Lowell, 431. *Hauselt* v. *Harrison*, 105 U. S. 401. Even the fact that property is so situated that a creditor might seize it on an execution against the debtor, is not decisive in favor of the right of the assignee to take and hold it. *Audenried* v. *Betteley*, 5 Allen, 382. The conveyance by the husband to his wife in this case deprived the assignees of nothing to which they were entitled. *Nickerson* v. *Baker*, 5 Allen, 142. If this property had come to their possession, they would have been bound to transfer it to the defendant. Story Eq. Jur. § 1411. The fact, therefore, that she had reason to believe that her husband was insolvent, and that the transfer was made with the view of preventing the property from going to the assignees, and under such circumstances that, if the property belonged to him, it would be in fraud of the Gen. Sts. *c.* 118, § 91, will not prevent her from receiving and holding the property which in equity belonged to her.                    *Bill dismissed.*