## EDWARD G. LOW *vs.* FRANCIS C. WELCH.

Suffolk. Nov. 21, 1884. — Feb. 28, 1885. FIELD & COLBURN, JJ., absent.

Land to which an insolvent holds the legal title, upon an implied trust in favor of another, does not pass to the assignee as "property of the debtor which might have been taken on execution," within the meaning of the Pub. Sts. c. 157, § 46, although no declaration of trust has been recorded.

HOLMES, J. This is a bill in equity, brought to compel the assignee in insolvency of James Gilchrist to release to the plaintiff a parcel of land of which Gilchrist held the legal title. The defendant demurs. It appears by the bill that Gilchrist held the land upon an implied trust in favor of the plaintiff, who paid the whole consideration for the conveyance to him, but that no declaration of trust had been recorded; and the defendant contends that, as by the Pub. Sts. c. 141, § 3, such a trust would not prevent a creditor who had no notice of it from taking the land on execution, it passed to him for the benefit of creditors as " property of the debtor which might have been taken on execution upon a judgment against him, at the time of the first publication of the notice of issuing the warrant." Pub. Sts. c. 157, § 46.

The question is not without difficulty, but we are of opinion that the plaintiff is entitled to prevail. The defendant concedes that, if the words " property of the debtor " stood alone, they would not extend to property in which he had no beneficial interest, but merely a bare legal title. This concession is just, and is required by the cases. It cannot be supposed, in the absence of any particular equity or special and overriding policy, that a bankrupt or insolvent law intends to throw all property to which the debtor may have a naked title into the hands of his creditors. Such has not been the course of legislation or decision. *Sibley* v. *Quinsigamond National Bank*, 133 Mass. 515, 517. *Holmes* v. *Winchester*, 133 Mass. 140. *Chace* v. *Chapin*, 130 Mass. 128. *Faxon* v. *Folvey*, 110 Mass. 392, 395.

But if " property of the debtor," standing by itself, is to be taken in a popular rather than a strict legal sense, and means property in which the debtor is beneficially and not merely technically interested, there seems to be no reason to doubt that it

means the same thing here; in other words, that it is not enough that the property might have been taken on execution upon a judgment against the debtor, unless it is also property in which he has a beneficial interest. The first two cases which we have cited contain the strongest intimations that this is the correct view. The decision in *Bingham* v. *Jordan*, 1 Allen, 373, was simply that the assignee was not one of the " parties " to an unrecorded mortgage made by the insolvent, within the Gen. Sts. *c.* 151, § 1, (Pub. Sts. *c.* 192, § 1,) and therefore that the mortgage was void as to him by the express words of the statute. It did not enlarge the meaning of the words " property of the debtor " in any way, and has no bearing on this case.

This interpretation of the words "property of the debtor " points to the true interpretation of the further words, " which might have been taken on execution." In the language of Chief Justice Shaw, " This clause describes a species of property which a debtor could not convey, but which might be taken in execution against him, namely, property which he had fraudulently conveyed, without adequate consideration — such a conveyance of property, which would be good against himself, but which his creditors might attach or take on execution. This it was intended to pass to the assignees, for the general benefit of the creditors." *Grant* v. *Lyman*, 4 Met. 470, 473. The clause was directed, primarily at least, to giving the assignee the rights which all creditors had with regard to property of which the debtor had parted with the legal title, not to putting him in the position of a *bona fide* purchaser of property of which the debtor had the legal title and nothing else.

This was not property which could be taken on execution by creditors generally, but only by creditors without notice, and there being another field in which the clause under discussion can be applied, and where justice requires that it should be applied, to extend it to the present case by technical reasoning when it admits of a different construction would not further justice, and would be contrary to the views hitherto expressed by the court. *Sibley* v. *Quinsigamond National Bank*, 133 Mass. 523.                              *Demurrer overruled.*

*F. I. Amory*, for the plaintiff.

*J. L. Thorndike*, for the defendant.