THOMAS SMYTHE *vs.* CHARLES H. SPRAGUE & another.

Suffolk.   March 29, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Insolvent Debtor — Cloud upon Title — Unrecorded Deed — Equitable
Attachment — Estoppel.*

Land conveyed, for a valuable consideration, by an insolvent debtor to a *bona fide*
purchaser by a deed not recorded till after his assignment in insolvency, is not
"property of the debtor" within the meaning of the Pub. Sts. c. 157, § 46, and
will not pass to his assignee.

BILL IN EQUITY, filed in the Superior Court, and a cross bill,
to remove a cloud from the title of the plaintiff, and from that
of the defendants as the assignees in insolvency of Mayer J.
Cohen, respectively, to certain land in Medway.   At the hear-
ing, before *Pitman*, J., the following facts were agreed.

Mayer J. Cohen, on August 11, 1886, owned the land in
question, and on that day executed and delivered a deed, pur-
porting to convey it to Hyman Cline and Abraham Cline.   On
August 12, 1886, this deed was sent by mail to the registry of
deeds in Norfolk for record, but no money was sent to pay
therefor, and the deed remained in the registry of deeds un-
recorded until March 1, 1888, when it was recorded.   Abraham
Cline and Hyman Cline, on March 2, 1888, for a valuable con-
sideration, executed a deed purporting to convey the land to the
plaintiff, which deed was recorded in the registry of deeds in
Norfolk on the same day.   On November 16, 1886, Cohen duly
filed his petition in the Court of Insolvency, and was adjudged
an insolvent. debtor, and on December 2, 1886, the defendants
were duly appointed the assignees in insolvency of his estate,
and an assignment duly issued to them, and was recorded in
Norfolk on April 28, 1887.   Cohen duly filed a schedule of his
property in the insolvency proceedings, which did not include
or refer to the land in question as his property.

The plaintiff testified that he purchased the land and other
property for $3,750, such other property not being very valu-
able; that he purchased it in good faith, and that he had no

notice of any defect in the title; that at the time of his purchase it was subject to a mortgage to one Newell, amounting with interest to $1,416, which mortgage he paid off on March 2, 1888; and that since his purchase he had been, and still was, in occupation of it, either by himself or by his tenant. There was also evidence, that, at a meeting of nearly all the creditors, prior to the assignment, the cash-book and ledger of Cohen were produced, the ledger reciting the following: "April 2d, 1886, sold farm for eleven hundred dollars, three hundred cash, and balance ($800) to be paid in six months, on delivery of deed"; and the cash-book reciting, under date of August 14, 1886, "From farm, $500."

The judge found that, prior to the assignment, the creditors and assignees had knowledge that the land had been sold by Cohen, and some money paid therefor; and that they had reason to believe that a deed had been given to the purchaser. The assignees denied that they had actual notice thereof, and the judge was of opinion that, as matter of law, he was not authorized to find that they or the creditors had such notice.

The judge was of opinion that the plaintiff's deed was not valid as against the assignees, and that the defendants only, upon repaying to the plaintiff the amounts paid out by him, were entitled to relief; and reported the case for the determination of this court.

*H. E. Fales & S. H. Tyng*, for the plaintiff.

*C. H. Sprague*, for the assignees.

MORTON, C. J. This case raises the question whether land which has been conveyed by an insolvent debtor to a *bona fide* purchaser, for a valuable consideration, by a deed which is not recorded until after the assignment in insolvency, passes to the assignee. We are not aware that this question has been directly adjudicated by this court.

The insolvent law provides that "the assignment shall vest in the assignee all the property of the debtor, real and personal, which he could have lawfully sold, assigned, or conveyed, or which might have been taken on execution upon a judgment against him, at the time of the first publication of the notice of issuing the warrant." Pub. Sts. c. 157, § 46.

The general purpose of the law is to vest in the assignee, for

distribution among the creditors, all the property belonging to the debtor except such as is exempt from being taken on execution. It therefore vests all the property of the debtor which he could lawfully have sold, or which might have been taken on execution against him, the last clause being intended, as stated by Chief Justice Shaw, to reach " property which he had fraudulently conveyed, without adequate consideration — such a conveyance of property, which would be good against himself, but which his creditors might attach or take on execution." *Grant* v. *Lyman*, 4 Met. 470, 473. But it is not within the purpose of the law that the assignee should take property which does not belong to the debtor, even though the title is in him, if he has a bare legal title, and no beneficial interest in it. It has accordingly been held, in several cases, that property held by the debtor in trust for others does not pass to the assignee, although the legal title and the apparent ownership are in the debtor, and although individual creditors, who had no notice of the trust, might take it on execution. *Audenried* v. *Betteley*, 5 Allen, 382. *Chace* v. *Chapin*, 130 Mass. 128. *Holmes* v. *Winchester*, 133 Mass. 140. *Sibley* v. *Quinsigamond National Bank*, 133 Mass. 515, 523. *Low* v. *Welch*, 139 Mass. 33.

When we consider the nature of the right of a creditor to take on execution property of the judgment debtor which has been conveyed by an unrecorded deed, we see that it is a right founded upon an estoppel of the grantee in the deed to set up his title. The statute declares that an unrecorded deed " shall not be valid as against any person other than the grantor or lessor and his heirs and devisees, and persons having actual notice of it." Pub. Sts. c. 120, § 4. It does not declare the deed to be void and of no effect; on the contrary, it recognizes it as valid against the grantor, his heirs and devisees, and all other persons who have notice of it. Such a deed conveys the title to the grantee. A creditor of the grantor, without notice of the deed, may take the land on execution; but he has this right, not because it is the property of the grantor, but because the grantee, in violation of our registry laws, has failed to record his deed, has thereby committed a constructive fraud upon the purchaser or creditor, and is therefore estopped to set up his title against him. The right of an attaching creditor is a personal

right of estoppel against the grantee, which enures to his own benefit solely, and not to the benefit of other creditors. The grantee by removing the attachment, or by redeeming from the levy and recording his deed, may, without any further conveyance, perfect his title as to all the world, and prevent any other creditor from asserting a similar right of estoppel against him.

We do not think that such a personal right in a creditor of estoppel against a third person was intended to pass to the assignee, or to enure for his benefit. It is true that land conveyed by an unrecorded deed may be " taken on execution upon a judgment against " the insolvent debtor, but it is not " the property of the debtor." It could not be taken on execution by all the creditors, but only by creditors without notice of the deed. The statute contemplates that all " the property of the debtor," however covered up or concealed, which could be sold by him, or taken on execution by his creditors, should pass to the assignee, but not property belonging to other persons. If the assignee prevails in this case, he takes property which belongs to the plaintiff, and not to the insolvent debtor, and retains also the full consideration which the debtor has received from the plaintiff, of which his estate has the benefit. We do not think that the necessary or reasonable construction of the insolvent law leads to so unjust a result. The defendants rely upon *Bingham* v. *Jordan*, 1 Allen, 373. It was there held, that when personal property of the debtor had been mortgaged, but the property had not been delivered nor the mortgage recorded, it passed to the assignee.

In the case of an unrecorded mortgage of personal property, the mortgagee takes no title which he can assert against anybody except the mortgagor. Every creditor of the mortgagor, though having notice of the mortgage, can take the property on execution. *Travis* v. *Bishop*, 13 Met. 304. Whether the doctrine of that case would be held to extend to the case of the sale of personal property for an adequate consideration, and with the payment of the price, though without any delivery, we need not consider. *Dugan* v. *Nichols*, 125 Mass. 43. There are so many and great differences between a mortgage of personal property and the sale of real estate for an adequate consideration, that we cannot regard that case as a controlling authority

in favor of the assignees in the case before us. We are of opinion, therefore, that the plaintiff Smythe is entitled to the relief he seeks in his bill, and that the cross bill of the assignees should be dismissed.    *Decrees accordingly.*