J. MARO HARRIMAN *vs.* WOBURN ELECTRIC LIGHT COMPANY & others.

Suffolk.    December 13, 1894. — February 27, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Mortgage — "Recorded" — Statute — Insolvent Debtor — After-acquired Property — Possession by Mortgagee — Appointment of Receiver — Decree — Equity.*

A mortgage covering both real estate and personal property, given to a trustee to secure the payment of an issue of negotiable bonds, and duly recorded with the records of mortgages of personal property but not recorded in the registry of deeds until more than three years after its date, is a "mortgage of real estate," within the meaning of St. 1888, c. 393, and the real estate cannot be held under the mortgage as against an assignee in insolvency of the estate of the mortgagor appointed in proceedings in insolvency begun before the expiration of a year from the recording of the mortgage.

A mortgage of all its real estate and personal property "now owned or hereafter to be acquired" was given by a corporation to a trustee to secure the payment of an issue of bonds. The trustee, which was a corporation, became insolvent, and its property went into the hands of a receiver. A holder of some of the bonds brought a bill in equity for the appointment of a receiver of the corporation issuing them, alleging its insolvency, for the appointment of a trustee to succeed the insolvent trustee, and for a foreclosure of the mortgage. A receiver was thereupon appointed, the decree reciting that "It is hereby declared, upon agreement of the parties, that this decree is without prejudice to any proceedings in insolvency, voluntary or involuntary, by or against the defendant"; and, referring to the possible appointment of an assignee in such proceedings, and providing that in such case the assets should remain in the hands of the receiver until the further order of the court, it declared that this was to the end, among other things, "that the value of the assets of said corporation may, so far as possible, be preserved unimpaired for the benefit of all persons entitled thereto, and at the same time any supposed rights depending on the appointment of an assignee in insolvency may not be prevented by these proceedings from springing into existence." Subsequently voluntary proceedings in insolvency were begun by the corporation, and an assignee was appointed. No possession was taken by the mortgagee of any personal property acquired by the corporation after making the mortgage. *Held*, that the title to such after-acquired property passed to the assignee in insolvency.

BILL IN EQUITY, filed June 7, 1894, for the appointment of a receiver of the defendant corporation; for the appointment of a trustee, as successor of the trustee named therein, to act under a mortgage of "all its estate, real, personal, and mixed, of whatever nature or description, now owned or hereafter to be acquired," given by the corporation to secure the payment of an issue of bonds, two of which were held by the plaintiff; and for a foreclosure of the mortgage. Hearing before *Morton*, J., who reserved the case for the consideration of the full court; such decree to be entered as law and justice might require. The material facts appear in the opinion.

The case was argued at the bar in December, 1894, and afterwards was submitted on the briefs to all the judges.

*H. G. Nichols & S. L. Whipple*, for the plaintiff.

*R. F. Herrick*, (*G. Cunningham* with him,) for the defendants.

KNOWLTON, J. The questions argued in this case relate to the validity of the mortgage as against assignees in insolvency, in view of the fact that it was not recorded in the registry of deeds until more than three years after its date, and in view of the further fact that there is after-acquired property covered by its provisions of which possession has never been taken by the mortgagee. The mortgage was made on August 19, 1890. It

includes real estate, and also personal property situated in three different towns.   It was duly recorded with the records of personal property mortgages in each of these towns, but it was not recorded in the registry of deeds until September 5, 1893.   Voluntary proceedings in insolvency were begun by the mortgagor on July 2, 1894, and assignees were appointed, who have been made defendants in the suit, and who have filed a cross bill. The St. 1888, c. 393, is as follows: " A mortgage of real estate recorded more than four months after its date shall not be valid as against an assignee in insolvency of the estate of the mortgagor appointed in proceedings in insolvency begun at any time after the date of the mortgage, and before the expiration of one year from the recording thereof."

This is plainly a mortgage of real estate within the meaning of the statute, although it includes personal property also.   Such an instrument given to a trustee to secure the payment of a large issue of negotiable bonds is a mortgage no less than if it were given to secure a promissory note of the mortgagor payable to the mortgagee.   *Knight* v. *Boston*, 159 Mass. 551.   The word " recorded " in the statute relates to the record made in the registry of deeds, where a mortgage of real estate, in order to be effectual, is required by law to be recorded.   The validity of this instrument as a mortgage of real estate is not affected by its provisions in regard to personal property, or by the mortgagee's recording it with the record of mortgages of personal property. The provisions of the statute above quoted apply to the case, and the real estate cannot be held under the mortgage as against the assignees in insolvency.

The effect of a mortgage which purports to include property afterwards to be acquired is very fully considered in *Blanchard* v. *Cooke*, 144 Mass. 207, and it is there held that a covenant or agreement in regard to after-acquired property will become effectual for the security of the mortgagee if he takes and keeps possession of the property under his mortgage, but not otherwise. Formerly it was thought that such a covenant would take effect only if the mortgagor, as well as the mortgagee, acted under it. Under the more liberal doctrine of later cases, which does not require the delivery of the property by the mortgagor, it is well settled that, as against attaching creditors or assignees in insol-

vency, the title does not pass nor the mortgage take effect upon the after-acquired property, either at law or in equity, unless possession is taken under it. The plaintiffs in the original bill concede that this is the law, and contend that the possession of the receiver appointed by the court should be deemed equivalent to a possession taken by the mortgagee. At the time this bill was brought, the trustee under the mortgage was an insolvent corporation, whose property was in the hands of a receiver appointed by the court. It is contended that there was at that time nobody legally qualified to take possession of the after-acquired property as mortgagee. Whether that be so or not, if a bill had been brought for the purpose of acquiring possession of this property in the interest of the bondholders, it might well be that the possession of a receiver subsequently appointed in the case would give effect to the provisions of the mortgage in regard to the after-acquired property; but there is nothing in the original bill to show that the plaintiffs were proceeding with any such purpose. There is nothing in the bill, and at the time of the appointment of the receiver there was nothing in any part of the proceedings, to indicate that there was any personal property in the possession of the mortgagor acquired after the date of the mortgage. The bill alleges only a paper title in the trustee for the benefit of the bondholders, and alleges the hopeless insolvency of the mortgagor, and asks for the appointment of a receiver for the protection of the rights of all parties. There is no suggestion that the rights of the bondholders depend upon any act done or to be done in regard to after-acquired property. The decree appointing the receiver is carefully guarded to protect the title and rights of the parties as they were when the bill was brought. At that time the mortgagee had acquired no title to the after-acquired property, but it was subject to the claims of creditors, or of an assignee in insolvency if one should be appointed. The decree contains these words: " It is hereby declared, upon agreement of the parties, that this decree is without prejudice to any proceedings in insolvency, voluntary or involuntary, by or against the defendant," etc. Referring to the possible appointment of an assignee in such proceedings, and providing that in such a case the assets shall remain in the hands of a receiver until the further order of the court, it declares that

this is to the end, among other things, " that the value of the assets of said corporation may, so far as possible, be preserved unimpaired for the benefit of all persons entitled thereto, and at the same time any supposed rights depending upon the appointment of an assignee in insolvency may not be prevented by these proceedings from springing into existence." It is difficult to see how an intent to prevent prejudice to the rights of the general creditors by the appointment of a receiver could be more clearly expressed. Very likely the precise question now under consideration was not then before the court, and perhaps not in the minds of the counsel; but we must assume that the decree was carefully drawn to cover questions that might afterwards arise, whether then particularly thought of or not. The decree was made by agreement of all parties in interest who were present and desired to be heard, and it would be most unjust to hold that, by consenting to it, the corporation was deprived of the ownership of the after-acquired property for the benefit of its general creditors. A majority of the court are of opinion that upon this part of the case the decision must be in favor of the assignees.

Under the terms of the report, by agreement of parties, the case must be referred to a master to determine the property covered by the mortgage.                    *So ordered.*