WILLIAM H. RICHARDSON *vs.* LUTHER WHITE, administrator, & another.

Hampden.    September 22, 1896. — October 23, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Equitable Assignment of Policy of Insurance.*

There is a sufficient equitable assignment of a policy of insurance on the life of A. by A. to B., if, B. having advanced money to A. on the strength of A.'s promising to take out, and his taking out, the policy as security for the advances, A. writes into the policy on its face, "Payable in case of death to B., as his interest may appear," and several times thereafter exhibits the policy to B., and the insurance company does not object to the assignment; and it is immaterial whether B.'s claim will exhaust the policy.

BILL IN EQUITY, to restrain the defendant White, administrator of the estate of Edson Clark, from collecting the proceeds of a certain life insurance policy on the life of the intestate, and asking that the New York Life Insurance Company be ordered to pay the same to the plaintiff. The insurance company

filed an answer offering to pay the proceeds to whomsoever the court might direct.

At the trial in the Superior Court, before *Gaskill*, J., it appeared in evidence that in December, 1886, Clark obtained a policy of insurance on his life in the company, payable to himself, his executors or administrators ; that on the face of the policy, in Clark's handwriting, was written, " Payable in case of death to Wm. H. Richardson, as his interest may appear " ; and that the company had no notice of the indorsement, and that it was not dated.

The policy contained the following clause in reference to assignments : " Any assignment of this policy must be made in duplicate, and both copies must be sent to the home office for acknowledgment, one of them to be retained by the company. Under no circumstances will the company assume any responsibility for the validity of the assignment."

The plaintiff testified that, prior to the time when Clark took out the policy, Clark was indebted to him for more than $3,000, for which he had partial security, and further testified as follows : " He agreed to get his life insured for my benefit, if I would help him to money occasionally as he wanted it, and I let him have money from time to time, and I did n't come to any settlement with him about his indebtedness to me. I would take notes and renew. Some was through notes and some through indorsements. . . . The first I knew about the policy was his agreeing to get it done. He told me he had got it done. . . . He got his life insured for my benefit. . . . I saw the policy there a few times when I was in his office. I spoke to him occasionally about the policy, and asked if he had kept the assessments up, and he said that he had. . . . I used to ride down here occasionally with him for business, and he said he would go into the office and get the policy, and he did so. When he came back to me, he reported that it was all right, and the inside shows it was. . . . I did n't have the policy in my possession until Clark died. He had it in his safe. The words written on the policy, ' Payable in case of death to Wm. H. Richardson, as his interest may appear,' are in Clark's handwriting. I did n't see them written. . . . I supposed them to be there. All I know is, he told me it was all right.

. . . I never notified the insurance company until after his death."

At the time of Clark's death, he was indebted to the plaintiff in a larger sum than the amount of the policy. Clark's estate was insolvent, and it was agreed that the plaintiff did not represent all the unsecured claims against it.

The defendant White asked the judge to rule that there was not sufficient evidence to warrant a decree for the plaintiff, and that there was no evidence of the delivery of the policy, or of any instrument creating a lien thereon, to the plaintiff. The judge refused so to rule; and the defendant excepted.

The judge found as a fact, that the money was loaned in reliance on the promise of Clark to procure the policy for the benefit of the plaintiff and the assurance that it had been done, and also found that there was an equitable assignment of the policy; and made a decree for the plaintiff from which the defendant White appealed.

*L. White, pro se.*

*W. W. McClench,* for the plaintiff.

HOLMES, J. The plaintiff advanced money to the defendant's intestate, Edson Clark, on the strength of the latter's promising to take out, and taking out, this policy as security for the advances. Clark wrote into the policy on its face, " Payable in case of death to Wm. H. Richardson, as his interest may appear," and several times exhibited the policy to the plaintiff. These facts are sufficient to give the plaintiff the security which he understood that he got. *Providence County Bank* v. *Benson,* 24 Pick. 204, 210. *Stearns* v. *Quincy Ins. Co.* 124 Mass. 61, 62. It turns out that the plaintiff's claim will exhaust the policy. But if this were otherwise, there is no longer any doubt that an assignment of part of a fund is good in equity, as between the assignee and assignor, that the insistence on the necessity of a delivery of the document of title in *Palmer* v. *Merrill,* 6 Cush. 282, 286, is a mistake so far as equity is concerned, if the assignment has been communicated to the assignee and assented to by him, or that such an order as the above, under the circumstances, is sufficient to constitute an assignment in point of form. *James* v. *Newton,* 142 Mass. 366. Pom. Eq. Jur. § 1280, note. *Macomber* v. *Doane,* 2 Allen, 541.

In this case, as in *James* v. *Newton*, the insurance company sets up no defence to the policy, and submits to the court the question who is entitled to the fund, so that there is no need to consider what its rights would have been.

It is fair to mention that in *James* v. *Newton* notice of the assignment had been given to the debtor, which does not appear affirmatively in the report of the evidence in the case at bar. But assuming that notice would be necessary as against a later *bona fide* purchaser for value, the insolvent laws do not put an assignee in the position of a *bona fide* purchaser of property of which the insolvent had the bare legal title. *Low* v. *Welch*, 139 Mass. 33. As between the parties and those who stood in their shoes, notice was not necessary. *Gorringe* v. *Irwell India Rubber & Gutta Percha Works*, 34 Ch. D. 128.

*Decree affirmed.*