WALTER PRATT, assignee, *vs.* WILLIAM H. MACKEY & others.

Plymouth.   October 18, 1898. — January 6, 1899.

Present: FIELD, C. J., KNOWLTON, BARKER, & HAMMOND, JJ.

*Mortgage — Insolvent Debtor — Statute — Equity.*

A mortgage, which comes within the terms of St. 1888, c. 393, providing that " a mortgage of real estate recorded more than four months after its date shall not be valid as against an assignee in insolvency of the estate of the mortgagor appointed in proceedings in insolvency begun at any time after the date of the mortgage and before the expiration of one year from the recording thereof," and

which is avoided by an assignee in insolvency of the estate of the mortgagor, is void from its inception, and incapable of being the foundation of any rights in any mortgagee or vendee at a foreclosure sale.

BILL IN EQUITY, filed in the Superior Court, under Pub. Sts. c. 157, § 46, by the assignee in insolvency of the estate of George M. Buck, to redeem land in Brockton from a mortgage. Hearing before *Braley*, J., who ruled that the plaintiff was entitled to redeem; and, at the request of the defendants, reported the case for the determination of this court. The facts appear in the opinion.

*F. E. Sweet & G. W. Folsom*, (*H. Kingman* with them,) for the defendants.

*L. E. Chamberlain & E. J. Fletcher*, for the plaintiff.

BARKER, J. The plaintiff seeks to redeem land from a mortgage given by William Mackey, then its owner, on December 1, 1894, to the Plymouth Savings Bank, assigned by the bank on January 14, 1897, to John F. Mackey, and foreclosed by him on March 11, 1897, by sale to William H. Mackey. The plaintiff was appointed assignee in insolvency of the estate of one Buck, on April 5, 1897, upon proceedings instituted on March 4, 1897; and so, if the Savings Bank mortgage was upon his debtor Buck's estate when it was foreclosed on March 11, 1897, pending the proceedings in insolvency and before his own appointment, he had a right to redeem that estate notwithstanding the foreclosure, it being found that his bill is seasonably brought under Pub. Sts. c. 157, § 46.

The debtor Buck took title to the land on April 16, 1895, subject to the Savings Bank mortgage, and made a second mortgage on May 16, 1896, by deed of that date to William Mackey, which mortgage was not recorded until December 11, 1896, and so was within the language of St. 1888, c. 393, which provides that " A mortgage of real estate recorded more than four months after its date shall not be valid as against an assignee in insolvency of the estate of the mortgagor appointed in proceedings in insolvency begun at any time after the date of the mortgage and before the expiration of one year from the recording thereof." This second mortgage was foreclosed on February 11, 1897, by sale to the same William H. Mackey who afterwards, and as before stated, became the purchaser under the foreclosure of the Savings Bank mortgage on March 11, 1897.

The defendants contend that the foreclosure of the second mortgage on February 11, 1897, before the institution of proceedings in insolvency against Buck, deprived Buck of all estate in the mortgaged land, and that therefore no right to redeem the land from the foreclosure of March 11, 1897, made during the insolvency proceeedings, is in the plaintiff under Pub. Sts. c. 157, § 46.

So to hold would provide a simple and easy method of avoiding the provisions of St. 1888, c. 393. We think, on the contrary, that every mortgage which comes within the terms of that statute and is avoided by an assignee in insolvency of the estate of the mortgagor must be held to have been void from its inception, and to have been incapable of being the foundation of any rights in any mortgagee or vendee at a foreclosure sale. In no other way can the provision of the statute that the mortgage shall not be valid as against such an assignee be made effectual. The mortgagee and his vendee at the foreclosure sale are charged with knowledge of the statute and of the record which brings the mortgage within the terms of the statute, and can complain of nothing if they deal with a title liable to be defeated by the operation of the statute. As against this plaintiff the mortgage was never valid or operative, and as against him the defendants cannot say that Buck's right to redeem the Savings Bank mortgage was extinguished by the foreclosure of February 11, 1897. See *Harriman* v. *Woburn Electric Light Co.* 163 Mass. 85. The clear distinction between this case and *Smythe* v. *Sprague,* 149 Mass. 310, cited for the defendants, is that here the unrecorded mortgage, which if it were operative as against the plaintiff would have extinguished his debtor's title, is made invalid as against the plaintiff, while the unrecorded deed in *Smythe* v. *Sprague* was valid. So in *Briggs* v. *Parkman,* 2 Met. 258, the unrecorded mortgage was a valid one as against the assignee, instead of being made invalid by a statute. *Mansfield* v. *Gordon,* 144 Mass. 168, which holds that an assignee in insolvency cannot rescind a mortgage made by his debtor while a minor, has no application to the present case.

Upon the report, the plaintiff is entitled to redeem, and the case should be sent to a master in the Superior Court to state the account.                                        *So ordered.*