### In re MERROW.

(District Court, D. Massachusetts. July 22, 1904.)

No. 6,291

1. BANKRUPTCY—ATTACHMENTS—PRESERVATION OF LIEN.

In a valid attachment of land standing in the bankrupt's name, but claimed by his wife, the trustee will be subrogated to the attaching creditor with the consent of the latter.

In Bankruptcy.

Harrison Dunham and James S. Bourke, for trustee.
Howard F. Butler and J. S. Sullivan, for M. Anna Merrow.

LOWELL, District Judge. The referee has found that the bankrupt's wife on January 23d, before her marriage, conveyed real estate to the bankrupt with intent to protect it from attachment. At that time the bankrupt agreed in writing to hold the estate for the grantor, stating expressly that he had no claim thereto. This agreement was not recorded. On January 26th occurred the marriage. At some time

in February or March the estate was attached in suits against the bankrupt. On May 13th he reconveyed it through a third party to his wife. On June 13th he was adjudged bankrupt on his own petition. His trustee in bankruptcy has filed a petition praying that the rights under the attachment may be preserved for the benefit of the estate, and that he may be subrogated to the attaching creditors. These attaching creditors in open court assented to the granting of the petition.

It seems that this land would not have passed to an assignee in insolvency under the state law. Low v. Welch, 139 Mass. 33, 29 N. E. 216; Smythe v. Sprague, 149 Mass. 310, 21 N. E. 383, 3 L. R. A. 822. And it may not have passed to the trustee in bankruptcy. See In re Hammond (D. C.) 98 Fed. 845, 860; Chesapeake Shoe Co. v. Seldner, 122 Fed. 593, 58 C. C. A. 261. The question does not arise here, where the title is not in controversy. Here there were existing attachments, apparently valid. The bankrupt act did not dissolve these, except for the benefit of the estate. If they were valid as against Mrs. Merrow before bankruptcy, as against her they were equally valid afterwards. Powers Dry Goods Co. v. Nelson (N. D.) 88 N. W. 703, 58 L. R. A. 770; Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. The only controversy here possible concerning the rights arising thereunder is between the attaching creditor and the trustee. As both these parties are agreed that the latter shall be subrogated to the rights of the former, the judgment of the referee is affirmed. See In re N. Y. Printing Co., 110 Fed. 514, 49 C. C. A. 133.