In re LOVELAND. In re LITTLEFIELD. PUTNAM v. LOVELAND.

(Circuit Court of Appeals, First Circuit. February 13, 1907.)

Nos. 675, 676.

1. BANKRUPTCY—JURISDICTION OF COURT—SALE OF PROPERTY.
   A court of bankruptcy has jurisdiction to order a sale of property of a bankrupt upon which a lien is asserted free from such lien, and without first determining either its validity or amount.

2. SAME—VALIDITY OF TRANSFER—EFFECT OF STATE STATUTE.
   Although the rights of a trustee in bankruptcy and those of an assignee in insolvency under a state statute are defined in similar language, yet a state statute making a certain transfer void as against an assignee eo nomine does not make it void as against a trustee in bankruptcy.

3. SAME—VALIDITY OF MORTGAGE—INCREASE OF DEBT BY AGREEMENT.
   A ·mortgagor, after having paid a part of a mortgage debt, borrowed further sums from the mortgagee, and indorsements were made upon the mortgage note, to the effect that such sums should be added to the amount previously remaining due thereon. Held, that the mortgage was a valid lien in equity for the full amount of the debt as so increased as against the mortgagor's trustee in bankruptcy, whether tested by the statutes of Massachusetts as. construed by its Supreme Judicial Court or by the provisions of the bankruptcy act.

Appeal from the District Court of the United States for the District of Massachusetts.

Charles F. Hall and Arthur W. Blakemore, for petitioner.
George Chandler Coit, for trustee.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. On July 14th Littlefield, the bankrupt, mortgaged real estate to Hall for $6,000, payable in five years. Note and mortgage were in the usual form. Payment of interest to July 14, 1905, was duly made and indorsed on the note, as were sundry payments of principal, the last in 1899 amounting in all to $4,800. Hall died before October 1, 1901, and on that day Littlefield borrowed from Hall's estate $3,500. The following indorsement was then made on the note:

"Boston, October 1, 1901.

"I have this day borrowed of the estate of Joseph E. Hall the sum of $3500, making the amount of the principal of this note the sum of $4700.

"Warren H. Littlefield."

On July 26, 1902, Littlefield borrowed $1,300 more, and a corresponding indorsement was made. Littlefield was adjudged bankrupt October 16, 1905, on a creditor's petition filed September 27th.

Thereafter the trustee in bankruptcy filed a petition with the referee, praying for leave to sell the real estate free from the incumbrance of the mortgage. The referee ordered a sale for not less than $7,500, which sum was to be deposited in a separate account to meet the claims of the mortgagee, Hall's administratrix. This order was affirmed by the district judge ,and the mortgagee has filed in this court an original petition to revise the order of the District Court in matter of law. This is the question presented in No. 675.

Beside these proceedings, and without prejudice thereto, the mortgagee filed a petition with the referee, asking that her lien be satisfied from the proceeds of the sale. The referee ruled that the lien of the mortgage was valid only to the extent of $1,200 and interest, but the learned district judge held it valid for $6,000 and interest, and from his decree the trustee took an appeal to this court. This is the question presented in No. 676.

The petition for revision is easily disposed of. The court of bankruptcy has jurisdiction to order a sale of the estate of the bankrupt upon which a lien is asserted, without first determining either the validity or amount of the lien. In re Union Trust Co., 122 Fed. 937, 59 C. C. A. 461; Mason v. Wolkowich (decided by this court October 9, 1906) 150 Fed. 699; Marion E. Tucker, Petitioner (decided October 31, 1906) 153 Fed. 91. The petition for revision, therefore, must be dismissed with costs for the respondent.

We pass to the question presented by the appeal. It will be convenient to set out certain statutes of Massachusetts and certain sections of the bankrupt act which have been supposed to be material.

Rev. Laws, Mass. c. 127, § 4:

"A conveyance of an estate in fee simple, fee tail or for life, or a lease for more than seven years from the making thereof, shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it, or an office copy as provided in section

fifteen of chapter twenty-two, is recorded in the registry of deeds for the county or district in which the land to which it relates is situated."

Mass. Rev. Laws, c. 163, § 37:

"A mortgage of land recorded more than four months after its date shall not be valid against an assignee of the estate of the mortgagor if proceedings in insolvency are commenced within one year from the recording of such mortgage."

Bankr. Act July 1, 1898, c. 541, § 67a, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

Bankr. Act, § 70a (5):

"The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the discharge of the bankrupt * * * to all (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

Where the trustee in bankruptcy and a transferee of the bankrupt both claim certain property which once belonged to the bankrupt, it may be difficult to decide how far the title to the property in question depends upon the state law which determines the effect of the bankrupt's conveyance, and how far upon the bankrupt act which declares what property the trustee shall take. The one law regulates the passage of title from the bankrupt, and is interpreted by the state court. The other law regulates its passage to the trustee, and is interpreted by the federal court. Concerning the questions raised in the case at bar both courts have reached the same conclusion.

That the payment made on the mortgage operated pro tanto to discharge it at law is not disputed. No oral agreement, and, indeed, nothing but a deed duly executed, could thereafter make the mortgage valid in a court of law as security for a sum larger than the balance left due upon it. But in Upton v. National Bank of South Reading, 120 Mass. 153, where the mortgagor and mortgagee had attempted by oral agreement to increase the amount for which a mortgage of real estate stood as security after it had been partly paid, the Supreme Court of Massachusetts, sitting in equity, refused to allow an assignee in bankruptcy under the act of 1867 to redeem the property, except upon payment of the money secured by the oral agreement. If the rights of the trustee in bankruptcy here depend upon the statutes of Massachusetts governing the title to real estate, there is no material difference between the Upton case and the case at bar. It is true that the trustee's proceeding here is not in the form of a bill to redeem, but a court of bankruptcy is a court of equity, and the form of proceeding is unimportant. It is true, also, that the registry statute of Massachusetts was not cited in the Upton case, but it was then in existence, and, if the state court deemed it material, doubtless it would have been noticed. We mention St. 1888, p. 402, c. 393, passed after the decision in the Upton case and embodied in Rev. Laws Mass. c. 163, § 37, only to show that we have not overlooked it. Although the rights of a trustee

in bankruptcy and those of an assignee in insolvency under the statutes of Massachusetts are defined in similar language, yet a statute making a certain transfer void as against the latter eo nomine does not make it void as against the former.

The bankrupt act of 1898, it is true, defines the rights in property which pass to the trustee in language different from that used in the act of 1867 to define the rights which passed thereunder to an assignee in bankruptcy. In this respect, as has been said, there is much similarity between the bankrupt act of 1898 and the insolvent law of Massachusetts. Section 70a (5) of the bankrupt act vests in the trustee property which the bankrupt "could by any means have transferred or which might have been levied upon or sold under judicial process." Pub. St. c. 157, § 46, vested in the assignee in insolvency the property of the debtor "which he could have lawfully sold, assigned or conveyed, or which might have been taken on execution upon a judgment against him." See Rev. Laws, c. 163, § 54. In Smythe v. Sprague, 149 Mass. 310, 21 N. E. 383, 3 L. R. A. 822, the Supreme Court of Massachusetts held that land conveyed by a deed unrecorded until after the assignment in insolvency did not pass to the assignee. It follows that the state statutes before us, as construed by the courts of Massachusetts, allow an unrecorded deed to pass to the grantee thereunder a title valid as against a trustee in bankruptcy appointed under the existing federal law. The Supreme Court of Massachusetts has in effect construed the statutes before us in favor of the appellee in this case.

The Supreme Court of the United States has reached the same conclusion in its interpretation of the present bankrupt act. The general principles of equity, as recognized in the federal courts, give effect to the intention of parties who intend to create a lien under the circumstances of this case, notwithstanding that their agreement by reason of its informality is invalid at law. In York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, the Supreme Court had to deal with an unrecorded conveyance in a state whose statutes required a record, and the title of the transferee was held to be superior to that of the trustee in bankruptcy. The statute there in question, as construed by the state court, made an unrecorded mortgage void as against certain classes of creditors, while leaving it valid as against other classes. The state statute before us makes the unrecorded conveyance void as against creditors without notice, leaving it valid as against those creditors who have notice of it.

To whatever extent the title of the trustee in bankruptcy to the property here in question depends, either upon the statute of Massachusetts as interpreted by the state courts, or upon the bankrupt act as interpreted by the Supreme Court, or upon both, we find that all the statutes in question have been construed by the courts which have ultimate authority to fix their meaning as giving to the mortgagee in the case at bar a lien superior to the rights of the trustee in bankruptcy.

In No. 675, Loveland, Petitioner, let there be a decree that the petition be dismissed, with costs for the respondent.

In No. 676, Putnam v. Loveland, the decree of the District Court is affirmed, and the appellee recovers costs in this court.