In re SNELLING.

(District Court, D. Massachusetts. December 18, 1912.)

No. 17,768.

1. BANKRUPTCY (§ 140*)—ESTATE OF TRUSTEE IN BANKRUPTCY.

Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), vesting in the trustee in bankruptcy the title of the bankrupt, does not prevent a purchaser in possession of real estate under an oral contract of purchase, and entitled to compel the vendor prior to his bankruptcy to convey, from compelling the trustee to convey.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

2. BANKRUPTCY (§ 140*)—RIGHTS OF TRUSTEE—"CUSTODY."

Real estate, which has been for more than ten years prior to the bankruptcy of the vendor, and which remains, in the exclusive possession of a purchaser under a claim of right under a parol contract of purchase, is not in the "custody" of the trustee or of the court, within Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), declaring that the trustee, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with the remedies of creditors holding a lien by legal or equitable proceedings thereon, though it be assumed that the word "custody" is applicable to real as well as personal estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*

For other definitions, see Words and Phrases, vol. 2, pp. 1800, 1801; vol. 8, p. 7625.]

3. BANKRUPTCY (§ 140*)—RIGHTS OF TRUSTEE—CONVEYANCE TO PURCHASER OF BANKRUPT.

Under Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), providing that, as to all property not in the custody of the bankruptcy court, the trustee shall be deemed vested with the rights and remedies of a judgment creditor holding an execution returned unsatisfied, and Rev. Laws, Mass. c. 178, § 1, providing that all of the land of a debtor may be taken on execution and chapter 147, § 3, providing that no trust concerning land, whether implied by law or declared by the parties, shall affect the title of a purchaser for a valuable consideration and without notice of the trust, etc., the bankruptcy of a vendor of real estate in a parol contract for the sale thereof, followed by the exclusive possession by the purchaser under a claim of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right under the contract for ten years prior to the bankruptcy, does not give the trustee the rights of a judgment creditor who has levied without notice, and the bankruptcy court will decree that he holds the legal title in trust for the purchaser to convey to him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

In the matter of the bankruptcy of S. Rodman Snelling. Petition by Anna L. Snelling to compel the trustee in bankruptcy to convey real estate to the petitioner. Demurrer to petition overruled, and decree for petitioner ordered.

See, also, 202 Fed. 258.

Goodwin & Proctor, of Boston, Mass., for petitioner.

J. Duke Smith, of Boston, Mass., for trustee.

MORTON, District Judge. The essential facts alleged in this petition are as follows: Some ten years before Snelling's bankruptcy, the petitioner orally purchased of him certain real estate, which she has since been in exclusive possession of, and upon which she has made valuable improvements. She paid for the property in full; but by inadvertence, as alleged in the petition, no conveyance was ever made to her, so that the legal title still stands in the bankrupt's name. The prayer of the petition is that the trustee may be decreed to hold the legal title in trust for the benefit of the petitioner and to convey it to her. The trustee demurs generally to the petition and contends that the premises in question are a part of the bankrupt's estate. The parties have stipulated, in accordance with my memorandum previously filed herein, that judgment on the demurrer shall be final. The question presented is obviously of considerable interest and importance.

[1] Prior to the bankruptcy, the petitioner could, under the Massachusetts law, have compelled Snelling to make the conveyance prayed for (Low v. Low, 173 Mass. 580, 54 N. E. 257); and before the amendment of 1910 to the Bankruptcy Act she could unquestionably have compelled the trustee to do so (York Mfg. Co. v. Cassell, 201 U. S. 334, 26 Sup. Ct. 481, 50 L. Ed. 782; In re Davis [D. C.] 112 Fed. 129). The trustee contends, however, that the effect of the amendment, in connection with the Massachusetts law as to the rights of judgment creditors, is to cut off her equitable right. He relies on section 47a (2), and section 70 of the Bankruptcy Act. Section 70 was not changed by the amendment of 1910. It gives the trustee no greater rights or estate than the bankrupt himself had. York Mfg. Co. v. Cassell, supra; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577.

[2] The case turns on the effect of the other section referred to, 47a (2). The rights of the trustee under that section differ, according to whether he has, or has not, "custody" of the property in question. There is some doubt whether this section applies to real estate. The debates over the amendment indicate that the attention of Congress was directed to personal property only; and the word "custody," on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which the trustee's rights are made to depend, is wholly inapplicable to real estate. However that may be, the premises in question here have been for more than ten years, and are now, in the exclusive possession of the petitioner, who holds them under a claim of right. Under such circumstances, the property is certainly not in the "custody" of the trustee, or of the court.

[3] The trustee's contention thus rests ultimately upon the last clause in section 47a (2), viz.:

"And also, as to all property not in the custody of the bankruptcy court, [the trustee] shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

The Massachusetts statutes provide that "all of the land of a debtor" may be taken on execution (Rev. Laws, c. 178, § 1), and as to unrecorded trusts of land that:

"No trust concerning land whether implied by law or created or declared by the parties shall affect the title of a purchaser for a valuable consideration and without notice of the trust, nor prevent a creditor who has no notice of the trust from attaching the land or from taking it on execution in like manner as if no such trust existed." Rev. Laws, c. 147, § 3.

The trustee contends that the effect of the bankruptcy is to give him the rights of a creditor who had levied upon the premises in question in ignorance of the petitioner's equitable rights therein.

In a number of decisions in other districts, referred to in Re Dancy, infra, it has been held that the trustee stood, as to personal property coming into the custody of the court, in the position of a creditor levying without notice; and it has been said that the burden was upon the person claiming the property to show that some or all of the creditors had notice of the claimant's rights. In re Dancy Co. (D. C.) 198 Fed. 336, and cases cited; In re Bazemore (D. C.) 26 Am. Bankr. Rep. 494, 189 Fed. 236. The latter suggestion would involve trying many questions of fact as to the knowledge of the various creditors and would make the title uncertain. It implies either that the creditors who knew about the equities are to be treated differently from those who were ignorant of them, or else that the creditors with such knowledge are to secure by the bankruptcy property which they themselves could not have reached. The trustee's rights in such cases ought, it seems to me, to be fixed by the adjudication of bankruptcy.

Moreover, decisions as to personal property turn on different principles from those here involved. Equitable estates in personal property are not recognized, as they are in real property. The petitioner is, in equity, the owner of the premises and has an enforceable interest therein; the bankrupt holds only the bare legal title, which is hardly "property" in the ordinary sense of the word. Low v. Welch, 139 Mass. 33, 29 N. E. 216. To enlarge this bare title, so as to include the full beneficial ownership, is to give the trustee property which the bankrupt did not own. The estoppel raised by the recording acts against the assertion of unrecorded interests (on which in the last analysis the rights of bona fide purchasers and of creditors levying without notice depend) ought not to be extended so far. Smythe v.

Sprague, 149 Mass. 310, 21 N. E. 383, 3 L. R. A. 822. The Bankruptcy Act gives the trustee the rights of "a creditor holding an execution," not those of "a creditor who has levied without notice." "A trustee in bankruptcy does not stand like an attaching creditor; he gets no lien by the mere fact of his appointment." Holmes, J., Sexton v. Kessler, 225 U. S. 90, 97, 32 Sup. Ct. 657, 659 (56 L. Ed. 995). Moreover, the equitable owner still prevails if he can show that the levying creditor had notice of the unrecorded rights. I do not see how this privilege is to be preserved if the trustee is held to be a creditor levying without notice.

The provisions of the Massachusetts Insolvency Act as to the points under discussion were substantially identical in effect with those of the present Bankruptcy Act. It provided that:

"The assignment shall vest in the assignee all the property of the debtor * * * which might have been taken on execution upon a judgment against him." Mass. Pub. Stats. c. 157, § 46.

In Low v. Welch, 139 Mass. 33, 29 N. E. 216, a bill in equity was brought to compel the assignee of the insolvent debtor to release to the plaintiff the legal title to certain premises which were held by the insolvent upon an unrecorded trust in favor of the plaintiff. It was contended, as here, that as the property could have been reached by a judgment creditor of the insolvent, who had no notice of the trust, it had vested in his assignee. It was held that the plaintiff was entitled to recover. Mr. Justice Holmes says in the opinion:

"The clause [in the statute] was directed primarily at least to giving the assignee the rights which all creditors had with regard to property of which the debtor had parted with the legal title, not to putting him in the position of a bona fide purchaser of property of which the debtor had the legal title and nothing else. This was not property which could be taken on execution by creditors generally, but only by creditors without notice," etc.

In Smythe v. Sprague, 149 Mass. 310, 21 N. E. 383, 3 L. R. A. 822, the insolvent conveyed land to a bona fide purchaser by a deed which was not recorded until after the insolvency, so that at the time of the insolvency the legal title stood in the insolvent's name. It was held that the purchaser was entitled to a conveyance from the assignee. This decision was cited and approved by the Court of Appeals for this Circuit in Re Loveland, 155 Fed. 838, 84 C. C. A. 72. The law of Massachusetts is settled, in accordance with these decisions, that:

"Insolvent laws do not put the assignee in the position of a bona fide purchaser of property of which the insolvent had the bare legal title." Holmes, J., Richardson v. White, 167 Mass. 58, 44 N. E. 1072.

"Property held in trust does not pass to them" (trustees in bankruptcy). Holmes, C. J., Emery v. Boston Terminal Co., 178 Mass. 184, 59 N. E. 763, 86 Am. St. Rep. 473.

In Sparks v. Weatherby (Ala.) 58 South. 280, involving the same questions presented here, the trustee was held not entitled to the premises. These decisions seem to me more in accord with the spirit of the bankruptcy law than the contrary dicta in cases on personal property.

Demurrer overruled; decree for petitioner.