### JERRY M. COX

*v.*

### ALLEN M. PIERCE.

*Filed at Ottawa May 12, 1887.*

1.   ORAL EVIDENCE IN CHANCERY—*of evidence taken before the master—giving further evidence after report by the master—the statute construed.* Section 39, chapter 22, of the Revised. Statutes of 1874, which provides that the court may refer a chancery cause to a master in chancery or special commissioner, "to take and report the evidence, with or without his conclusions," means that the master shall report all the evidence, written or oral.

2.   Section 39, chapter 22, and section 38, chapter 51, are to be construed as parts of a single system, so as to give effect to each.  Those sections, taken and construed together, mean, that oral testimony, instead· of depositions, shall be taken on the trial of every suit in chancery, when desired by either party; but when a cause is referred to the master to take and report the evidence, with his conclusions thereon, that *all* the evidence, whether in depositions or documents, or to be detailed by the witnesses, must be introduced before him, and that when thus introduced and reported it is to be considered as taken on the trial.

3.   So, when there is a reference to the master, in a suit in chancery, to take and report the evidence, with his conclusions, it is not competent, on the hearing of exceptions to the report, or on the hearing of the cause, for the court to hear any evidence that was not before the master.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Stark county; the Hon. T. M. SHAW, Judge, presiding.

Mr. M. SHALLENBERGER, Mr. B. F. THOMPSON, and Mr. JAMES H. MILLER, for the appellant:

Under the statute, either party has the right to introduce oral testimony on the hearing of a chancery cause.   *Owens* v. *Ranstead,* 22 Ill. 161; *Maher* v. *Bull,* 39 id. 332.

Mr. MILES A. FULLER, for the appellee:

The parties were not denied the right to offer any testimony before· the master.   The cases cited by appellant were not heard before the master, and are not in point.

Mr. Justice Scholfield delivered the opinion of the Court:

A full statement of this case will be found in 22 App. Ct. Rep. 43, and we entirely concur in the conclusion there reached, and in all that is there said on the questions of facts.

We deem it necessary to notice, here, only one question of law discussed in the arguments of counsel. The bill is for an account of partnership dealings. An answer was filed, putting in issue the material allegations of the bill, and to this there was filed a replication. The court afterwards referred the cause to the master in chancery, to take the evidence and report it to the court, and thereafter the court further ordered, that the master in chancery, "on concluding the taking of testimony, state the account between the said parties, and report the same, with the evidence taken by him," to the court. The master in chancery proceeded, in compliance with the order, to take the testimony and state the account between the parties, and he prepared a report thereof, which he submitted to the respective parties. The present appellant filed exceptions to the report, which the master disallowed. The report, together with the evidence taken, and appellant's exceptions to the report, were then filed in the circuit court. By agreement of parties, entered of record, the chancellor heard the case, upon the report, exceptions, etc., and accompanying evidence, in vacation, and then sustained the exceptions, and decreed that the cause be again referred to the master, and that he restate the account. In obedience to this order, the master restated the account, and made a report thereof to the respective parties, and the appellant filed exceptions to this report also, but the master disallowed them. This report, and the exceptions thereto, and the evidence taken, were afterwards filed in the circuit court, and appellant there renewed his exceptions to the master's report, but they were overruled by the court,—and, thereupon, appellant, after identifying certain books as the account books of the firm, offered to read them in evidence, but the court

refused to allow them to be so read. Appellant then offered to 'prove, by oral evidence, facts tending to show that the account, as stated by the master, was not correctly stated, but the court likewise refused to allow this proof to be made, and thereupon decree was rendered, in conformity with the master's report, in favor of appellee.

Prior to the act of February 12, 1849, (Scates' Comp. 166,) oral evidence was not heard in chancery cases, but all evidence was presented by depositions. That act, however, provided, that "on the trial of any suit in chancery, the evidence on the part of either plaintiff or defendent may be given orally." And in *Owens* v. *Ranstead*, 22 Ill. 161, it was held that the court can not deprive parties of their right, under this statute, to introduce oral evidence, by a rule of court excluding it, unless ten days' previous notice of the intention to offer such evidence shall be given. And in *Maher* v. *Bull, Admx.* 39 Ill. 531, it was held, that the court can not, by an order to close proofs by a particular time, prevent a party from giving oral evidence, under this statute, on the hearing. Neither case, however, it will be noticed, has any relevancy to a hearing before a master in chancery, and when they were decided, there was no statutory provision authorizing a reference to a master in chancery. Since these cases were decided, our legislature, by an act approved May 15, 1872, (2 Gross' Stat. 1873, p. 35, sec. 39,) has enacted: "The court may, upon default, or upon issue being joined, refer the cause to a master in chancery, or special commissioner, to take and report evidence, with or without his conclusions thereupon." (See, also, note at bottom of page 36, id.) This section is reproduced, literally, as section 39 of chapter 22, entitled "Chancery," in the revision of 1874; and the substance of the act of February 12, 1849, is reproduced in that revision as section 38 of chapter 51, entitled "Evidence and Depositions," in these words: "On the trial of every suit in chancery, oral testimony shall be taken, when desired by either party."

These sections must, then, be construed as parts of a single system, and so as to give effect to both. We can not suppose that the legislature intended to confer upon the circuit courts so useless a power as that of referring causes to masters in chancery to take and report the evidence, together with their conclusions thereon, when such evidence and report might be entirely disregarded by either party, and the court be required to again listen to all the evidence detailed orally by witnesses. The words, "the evidence in the case," unquestionably mean all the evidence in the case, and the only purpose in allowing it to be referred to the master to take it and report it, with or without his conclusions thereon, to the court, is to lighten, to that extent, the labors of the court. It must therefore have been intended that oral evidence, instead of depositions, shall be taken on the trial of every suit in chancery, when desired by either party; but when it is referred to the master to take and report the evidence in the case, and his conclusions thereon, all the evidence, whether in depositions or documents, or to be detailed by the mouths of living witnesses, must be introduced before him; and when thus introduced, and afterwards properly reported by the master to the court, it is, in the language of section 38, chapter 51, *supra*, "taken on the trial." And on the assumption that this is the correct construction of the sections, we held in *Prince* v. *Cutler*, 69 Ill. 267, that upon hearing exceptions to the master's report, it is not competent to hear any evidence that was not before the master when he made his report. See page 272.

If the evidence offered was not admissible upon the question of confirming the report, it can not be admissible to contradict it, for to allow it for that purpose would be only to do indirectly what is not allowed to be done directly. The ruling was right.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*