## Benjamin L. Cook and Edith Denison Cook v. Don A. Moulton, Trustee, and the Globe National Bank of Chicago.

1. CHANCERY PRACTICE—*Oral Evidence at Trial.*—In a cause which had been referred to a master in chancery to take and report the evidence, the decree recited that the cause was heard "upon the testimony, proofs and exhibits produced by the respective parties, in open court." *Held,* that the decree being right in itself, ought not to be interfered with without a showing of what was so introduced.

2. WRIT OF ASSISTANCE—*Provision for in a Decree Construed.*— A clause in a decree providing, "that in default of surrendering such possession, a writ of assistance may issue in accordance with the practice of the court," gives no right to the writ without further action by the court, and is not a violation of the rule that, before a writ of assistance can issue, there must be a judicial investigation ascertaining the facts justifying such writ.

**Bill for Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 1, 1897.

WILLIAM M. JONES and W. IRVING CULVER, attorneys for appellants.

JAMES B. STURMAN, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants' stock of errors is getting low, having been pretty well used up upon two former appeals.

It is now said that a recital in the decree that the cause was heard *inter alia,* "upon the testimony, proofs and exhibits produced by the respective parties in open court," shows that evidence was introduced at the hearing, contrary to the rule laid down in Cox v. Pierce, 120 Ill. 556. Suppose that to be true, which probably it is not, but that the clause in the decree objected to was copied in without reflection; is a decree right in itself to be reversed, with no showing of what was so introduced? The position of the

appellants is, that if the recital be true, it is error because of the fact; if it be not true, it is error because of the fiction. We do not concur.

The further objection is made, that the language of the decree leaves to the clerk the duty to issue a writ of assistance, without regard to " what events or equities may supervene."

That portion of the decree is :

" It is further ordered, adjudged and decreed that upon the execution and delivery of such conveyance or conveyances, the purchaser or purchasers, his or their representatives or assigns, be let into possession of said premises, and that any of the defendants to this cause who may be in possession of the whole or any part thereof, and that any person who, since the commencement of this suit, has come into possession thereof under them or either of them, upon the production of such conveyance or conveyances, shall surrender such possessions forthwith to such purchaser or purchasers, his or their successors, representatives or assigns, and that in default of surrendering such possession, a writ of assistance may issue in accordance with the practice of the court."

Before a writ of assistance can issue, there must be a judicial investigation, ascertaining the facts justifying such writ.

The last clause of the decree gives no right to the writ without further action by the court.

The decree is affirmed.