S. FREDERICK AMUNDSON *et al.* Appellees, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 22, 1915.*

1. REGISTRATION OF TITLE—*a proceeding 'to register title is a chancery proceeding.* A proceeding to register title is a chancery proceeding, and, except as otherwise provided by statute, is governed by the rules of chancery practice.

2. SAME—*statute authorizing court to hear cause on report of examiner is not mandatory.* The provision of section 18 of the Torrens law which authorizes the court to hear the cause upon the report of the examiner is permissive and not mandatory, since section 24 of said act provides that the court may require other or further proof than that made before the examiner.

3. SAME—*examiner's report may be filed and considered though he died before filing report or reporting conclusions.* Where the examiner dies after taking the testimony in a land title registration case, reducing it to writing and certifying that it constitutes all the evidence heard by him, but before he files the report or reports his conclusions, the court may order the evidence taken by the examiner to be filed and may hear the cause on such evidence and any other evidence the parties may desire to offer.

4. SAME—*when abstract of title is admissible.* An abstract of title made by the recorder of deeds of Cook county is admissible in evidence in a land title registration case if the proof shows that the recorder is authorized to make abstracts of title or that he is engaged in that business.

271 — 14

APPEAL from the Circuit Court of Cook county; the Hon. JOHN H. FORNOFF, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

W. P. QUINBY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county ordered title in fee simple in the appellees, S. Frederick Amundson and Anna Jeanette Amundson, his wife, to a lot in Chicago to be registered in accordance with their application filed in that court. The appellants, Jacob Glos and August A. Timke, who were defendants in the proceeding, prayed for and were allowed separate appeals, which have been perfected.

On May 6, 1914, answers having been filed and the cause being at issue, the court referred the same to Albert H. Tyrrell, an examiner of titles, who was directed to report in writing to the court the substance of the proof and his conclusions therefrom. The examiner took the evidence offered by the parties and reduced it to writing, closing the evidence on November 25, 1914, when he certified to the evidence, together with the exhibits attached thereto, and that the same constituted all the testimony and evidence taken before him by virtue of the order of reference. He died shortly afterward, before making or stating any conclusions from the evidence or filing the report of the evidence in the court. By order of the court the evidence taken and certified to by the examiner was filed in the court on April 21, 1915, and the cause was heard on that evidence and any other evidence which any party desired to offer. The defendants objected to the filing of the evidence taken before the examiner because he had not himself filed the report, and to the hearing or consideration of such

evidence upon the hearing on the ground that it would be a violation of the fourteenth amendment of the constitution of the United States and the provision of the State constitution relating to due process of law. The defendants also objected to the hearing of the cause by the court, and contended that the only lawful method would be a re-reference to an examiner and a hearing upon his report of the evidence and his conclusions.

The proceeding to register title is a chancery proceeding, and, except as otherwise provided by the statute, is governed by the rules of chancery practice. In a case where the issues had been referred to a master in chancery and his term of office expired before making his report, it was held that the court might hear the cause upon the evidence taken before him. (*Coel* v. *Glos,* 232 Ill. 142.) There is no provision of the statute concerning land titles which prescribes any different practice and the general rule applies. The argument that there should have been a re-reference and that a hearing could only be had on an examiner's report of conclusions is, that the act concerning land titles provides a new remedy and prescribes a particular procedure, which must be followed to the exclusion of all others. Section 18 of the act provides that upon the filing of an application an order may be entered referring the same to one of the examiners of title, and the court is authorized to hear the cause on the report of the examiner. The statute is permissive and not mandatory or controlling the courts in their power to hear and determine a cause. Even if there is a reference and report of conclusions the rule is not the same as in the general chancery practice, under which the hearing is before the master and evidence not before him cannot be introduced on the hearing of exceptions to his report. (*Cox* v. *Pierce,* 120 Ill. 556; *Allison* v. *Perry,* 130 id. 9; *Smith* v. *Billings,* 170 id. 543; *Brueggestradt* v. *Ludwig,* 184 id. 24.) Section 24 of the act provides that the court may require other or further

proof in any case than that which was before the examiner, and the hearing in every case is finally before the court, both upon the evidence taken before the examiner and also upon any further evidence that may be required. The reference in this case having come to an end by the death of the examiner without any report of his conclusions, the cause was properly heard by the court on the evidence taken before him, with liberty to the parties to offer evidence if they saw fit.

An abstract of title made by Joseph Connery, recorder of deeds of Cook county, was offered in evidence before the examiner by the applicants and was marked Exhibit 2. To make the document competent evidence William Kleinhans testified that he was an abstract maker in the abstract department of the recorder's office of Cook county and that the signature of the recorder was genuine. The abstract was objected to because it did not appear that the recorder of deeds was authorized by law to make abstracts or that he was engaged in the business of making abstracts of title for others, as required by section 18 of the act in question, and also because the document contained unexplained abbreviations and hieroglyphics not in the English language. There was no evidence that the recorder of deeds had been authorized to make abstracts of title, and the witness Kleinhans on direct examination did not testify that the recorder was engaged in the business of making abstracts of title for others, but the defendants by cross-examination of the witness proved that the recorder was in the business of making abstracts for the general public and thereby supplied the defect in the proof of that fact. The law only required proof that the recorder had been authorized to make abstracts or that Connery was engaged in that business. On the objection that the abstract contained unintelligible hieroglyphics and abbreviations, the witness Kleinhans was tendered to the defendants to explain any abbreviations or hieroglyphics. Defendants asked him what

the abbreviations "b. e. d. h." meant, and he said they meant "bearing even date herewith," and no further explanation was required by the defendants.

No error was committed by the court, and the decree is affirmed.

*Decree affirmed.*