(No. 24875.— )

IRVING NAIBURG *et al.* Appellees, *vs.* HAROLD HENDRIKSEN *et al.*—(FRANCES HENDRIKSEN, Appellant.)

*Opinion filed February 15, 1939.*

CHARLES M. BARNETT, (EUGENE K. LUTES, of counsel,) for appellant.

FISCHEL, KAHN & HEART, (MAX HESS WEINBERG, of counsel,) for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This appeal from the circuit court of Cook county involves title to land registered under the Torrens act (Ill.

Rev. Stat. 1937, chap. 30, pars. 45 *et seq.*) The initial application for registration was filed by Sanford Peck in 1920, and title was registered in his name. By various subsequent transfers, title became vested and registered in January, 1928, in the names of Alfred W. Hendriksen and Frances Hendriksen, his wife, as joint tenants. They were divorced in 1931. No provision was made with respect to the property in question. In May, 1932, Alfred W. Hendriksen married Louise W. Hendriksen. On May 3, 1937, three days before his death, Alfred executed and delivered a deed to this land to Irving Naiburg, who, the next day, executed and delivered another deed to Louise W. Hendriksen. These deeds were not presented for registration until some thirty days after the death of Alfred W. Hendriksen. Frances Hendriksen opposed the petition for registration claiming that there had never been a severance of the joint tenancy, and that by virtue of her right of survivorship she, alone, was vested with title. The examiner of titles held that the deed of Alfred W. Hendriksen, since it was not registered before his death, was ineffective to prevent the surviving joint tenant from becoming sole owner of the premises, and that Frances Hendriksen, as surviving joint tenant, was entitled to have the title registered in her name. Objections filed by Louise W. Hendriksen were overruled by the examiner and ordered to stand as exceptions before the circuit court. On May 13, 1938, the court entered a decree sustaining the exceptions and holding that title to an undivided half-interest was vested in Louise W. Hendriksen. The decree directed the registrar of titles to register the deeds in controversy and issue a certificate of title to Frances Hendriksen and Louise W. Hendriksen as tenants in common. Frances Hendriksen has appealed from that decree. The only question involved is whether a deed by one joint tenant to land registered under the Torrens act will sever the joint tenancy, when the deed is not offered for registration until after the grantor's death.

Appellant contends that under the Torrens system, a deed does not transfer title until registered. That it operates merely as a contract between the parties, and when it is registered the new certificate of title, not the deed, is good title and not mere notice or evidence of the deed. On this theory, appellant says that since the deed to Naiburg was not registered before the grantor's death, it had no effect on the title to the land, and thus the grantor's death gave the surviving joint tenant complete title.

Section 54 of the Torrens act (Ill. Rev. Stat. 1937, chap. 30, par. 98) provides: "A deed, mortgage, lease or other instrument purporting to convey, transfer, mortgage, lease, charge or otherwise deal with registered land, or any estate or interest therein, or charge upon the same * * * shall take effect only by way of contract between the parties thereto, and as authority to the registrar to register the transfer, mortgage, lease, charge or other dealing upon compliance with the terms of this act," etc. While appellant is correct in her contention that the deed operated only as a contract to convey, it does not follow that it had no effect on the joint tenancy. On the authority of *Peoples Trust and Savings Bank* v. *Haas,* 328 Ill. 468, appellant contends that a contract to convey land does not sever a joint tenancy. In that case Samuel Horney and Emma, his wife, owned registered land as joint tenants. Marshall Field & Company recovered a judgment against the husband and filed a transcript of the judgment in the office of the registrar of titles, who entered it as a memorial. Then the husband died leaving his wife as surviving joint tenant. She thereupon filed a petition praying that a decree be entered finding title in her, free of the judgment against her deceased husband. We held that, since the judgment creditor had neither levied execution nor proceeded to sale, his lien was lost upon the debtor's death. In that case the judgment creditor unsuccessfully tried to bring himself under the

doctrine that a contract to convey severs the joint tenancy. We said, on page 471: "Appellant argues that Field & Co. followed the procedure required by law to perfect a lien on lands not registered, and that what it did operated to sever the joint tenancy of Samuel E. and Emma L. Horney; that the filing of the transcript of the judgment is analogous to filing a contract of purchase for record prior to a transfer of the property. We cannot agree to that proposition. Nothing was done by the Horneys or anyone else prior to Samuel's death to sever the joint tenancy. By law the fee vested in Emma, as survivor of the joint tenants, upon Samuel's death," etc. That case, therefore, is not authority for appellant's contention. We have been unable to find any cases from this jurisdiction on the question of whether a contract to convey operates as a severance of a joint tenancy. However, the courts of other jurisdictions, and leading text writers, are unanimously of the opinion that a contract to convey operates, in equity, as a severance of the joint tenancy. (*In re Hewett,* 1 Ch. Div. 362 (1894); *Gould* v. *Kemp,* 2 Myl. & K. 304, 309, 39 Eng. Rep. 959, 961 (1833); *In re Wilford's Estate,* 11 Ch. Div. 267 (1879); *Burnaby* v. *Equitable Reversionary Interest Society,* 28 Ch. Div. 416 (1885); *Brown* v. *Raindle,* 3 Ves. Jun. 256, 257, 30 Eng. Rep. 998, 999 (1796); *Kurowski* v. *Retail Hardware Mutual Fire Ins. Co. of Minnesota,* 203 Wis. 644.) Tiffany, in his Law of Real Property, volume 1, paragraph 191, at page 638, says: "It has been decided that in equity a mere contract by one joint tenant to sell his share or to settle it will effect a severance." The rule announced by these authorities is based on the equitable maxim "Equity regards as done what in good conscience ought to be done." Thus, while the appellant as surviving joint tenant has legal title to the whole of the property, as between her and Louise Hendriksen it is subject to the latter's equitable right. Since proceedings under the Tor-

rens act are governed by the rules of equity, except as the statute otherwise provides, this right will be enforced. *Amundson* v. *Glos,* 271 Ill. 209, 211; *Balzar* v. *Pyles,* 350 id. 344.

The remaining consideration is whether the Torrens act does away with or prevents·enforcement of this right. The grantee admittedly could have registered the deed before the grantor's death. Section 47 of the Torrens act (Ill. Rev. Stat. 1937, chap. 30, par. 91) provides for the transfer of registered land. The only conditions to registration therein provided are that the deed be filed in the registrar's office, the duplicate certificate be surrendered, "and upon its being made to appear to the registrar that the transferer has the title or interest proposed to be transferred and is entitled to make the conveyance and that the transferee has the right to have such estate or interest transferred to him" it is the duty of the registrar to make out a new certificate of title to the transferee. There is no provision that the grantor's death shall terminate the right to register. Cases from other States with similar statutes consistently hold that, where no third party's rights have intervened, a deed may be registered after the grantor's death. In *Federal Nat. Bank of Boston* v. *Gaston,* 256 Mass. 471, 152 N. E. 923, the Supreme Judicial Court of Massachusetts held that a mortgagee of registered land was entitled to have his mortgage registered after the death of the mortgagor, as against the claims of the mortgagor's heirs and other creditors. Other cases so holding include *Tierney* v. *Halfpenny,* 9 Vict. L. R. 152; *Carlson* v. *Carlson,* 124 Cal. App. 207, 12 Pac. (2) 165. Authorities who have written on the question are of the same opinion. James E. Hogg in his Registration of Title to Land Throughout the Empire, (1920), chapter 6, section 2, at page 232, says: "The death of the owner of the land between execution and registration of the mortgage would seem not to affect the validity of the registration, even in jurisdictions where no express provi-

sion is made by the statutes, although such provision is made in South Australia and Manitoba."

So far as Alfred W. Hendriksen was concerned, his contract was fully performed with Irving Naiburg when he made and delivered his deed. It will be noted that section 54 of the Torrens act provides not only that a deed shall take effect as a contract between the parties but that it shall also constitute an "authority to the registrar to register the transfer," etc. Naiburg could have demanded that his deed be registered. When Naiburg made and delivered his deed to Louise W. Hendriksen, she was entitled to have both deeds registered and the registrar of titles was authorized to register them under the act. The statute does not provide that these rights be cut off and extinguished by death of the grantor.

While we have been unable to find any cases on the question of whether survivorship in a joint tenancy is an intervening right, we are of the opinion that it is not. The joint tenancy was severed, in equity, by the contract to convey and the creation of the right to have the deed registered. All that the surviving joint tenant received was a bare legal title. It would be unjust in the extreme to hold that this operated to extinguish the grantee's equitable right. Appellant's right of survivorship was limited by her joint tenant's power of severance. She cannot now be permitted to object to his exercise of that power. Neither is appellant within the class of persons intended to be protected by the Torrens system. It was designed to encourage reliance on the state of the registered title. Appellant has in no way so relied.

The cases cited by appellant under her contention that the deed cannot be registered after the grantor's death are not in point. In *Balzer* v. *Pyles, supra,* we held that a decree in a proceeding to register title could not be collaterally attacked where the court had jurisdiction of the parties and the subject matter. *In re Application of Bickel,* 301 Ill.

484, involved the enforcement of a mechanic's lien against registered land. *Curtis* v. *Haas,* 298 Ill. 485, held that the Torrens act does not authorize the registrar of titles, after issuing a certificate of title to the persons entitled thereto, to make an independent and voluntary search of the public records of the county to discover subsequent tax or special assessment liens and note a memorial thereof on the certificate of title. *Eliason* v. *Wilborn,* 335 Ill. 352, affirmed in 281 U. S. 457, held that a purchaser had a right to rely on the certificate of title although it was obtained by means of a forged deed.

Appellant's contention that a deed of gift of real estate made in contemplation of death is invalid, since the doctrine of gifts *causa mortis* applies only to personal property, is without merit. While the doctrine of gifts *causa mortis* applies only to personal property, yet an unconditional delivery of a deed to land is sufficient at common law to pass title and will, under the Torrens act, give the grantee a right to have title registered in him, regardless of the death of the grantor a short time thereafter. Appellant did not present the question of a conditional delivery to the lower court, and so it cannot be considered here.

The deed to Naiburg operated as authority to the registrar to register the deed and as a contract to convey which, in equity, severed the joint tenancy. Under section 47 of the Torrens act, death of the grantor, alone, is insufficient to terminate the grantee's right to register his deed. The surviving joint tenant's bare legal title to the whole land was not an intervening right cutting off Louise W. Hendriksen's equitable right to register her deed.

The decision of the circuit court was correct and its decree is affirmed.

*Decree affirmed.*