(No. 35689.—

GRACE R. KOSTELNY, formerly Grace R. Peterson, Appellant, *vs.* JENNY M. PETERSON *et al.,* Appellees.

*Opinion filed May 18, 1960.*

WALTER C. WELLMAN, of Chicago, for appellant.

CARDARAS AND ZAGONE, of Chicago, (NICHOLAS S. ZAGONE, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal, based upon loss of a freehold, prosecuted by the plaintiff, Grace R. Kostelny, to review a decree of the superior court of Cook County denying her

request for partition of a Chicago property and, in accordance with the counterclaim of August Peterson, her former husband, ordering the registration of a certain quitclaim deed which purportedly divested plaintiff of her interest.

Plaintiff and August Peterson, herein called defendant, were married on April 5, 1926, and shortly thereafter, together with Jenny Peterson and Edwin Peterson, they acquired the property in question as tenants in common of equal and undivided one-quarter interests. The parcel, consisting of a city lot improved with a two-story frame building, had theretofore been registered under the Torrens Act (Ill. Rev. Stat. 1959, chap. 30, pars. 45-148), and in accordance therewith the afore-mentioned conveyance was filed with the registrar of titles. Marital difficulties having arisen between the parties, plaintiff filed suit for divorce, and on November 2, 1936, a divorce decree was entered in the circuit court of Cook County which found, among other things, that plaintiff had agreed to accept a one-hundred-dollar judgment note in full settlement of all her rights to the subject property and which ordered plaintiff to convey her interests to her husband upon delivery of a note in that amount. In compliance with the decree the note and quitclaim deed were immediately exchanged between the parties but the deed was never filed for registration. On March 8, 1937, the note was placed in judgment and in June, 1938, a satisfaction of judgment was filed by plaintiff acknowledging receipt of all amounts due thereunder. Plaintiff later remarried, and thereafter Jenny Peterson and Edwin Peterson conveyed their interests in the premises to a Doris Jacobson, who in May, 1959, reconveyed this undivided one-half interest to Jenny Peterson by deed duly filed with the registrar. It appears that during these intervening years August and Jenny Peterson at all times collected rentals from the property and used it as their own.

The complaint for partition, filed July 6, 1959, joined August Peterson, Jenny Peterson, the Cook County regis-

trar of titles, and certain alleged lienholders as parties defendant, and alleged that plaintiff was the owner of an undivided one-quarter interest in the parcel, but made no mention of her prior conveyance. In his counterclaim, August Peterson set up the facts connected with the divorce, admitted that Jenny Peterson owned an undivided one-half of the property, and asked the court to order the registration of the post-divorce quitclaim deed so as to authorize the issuance to him of a certificate of title for the remaining one-half interest. Plaintiff unsuccessfully moved to strike defendant's counterclaim on the ground that it was barred by the Statute of Limitations, after which defendant moved for summary decree based on an affidavit alleging the facts contained in the counterclaim. In opposition thereto, plaintiff alleged by way of affidavit that the consideration for said deed was wholly inadequate and void so as to constitute a fraud on the rights of the plaintiff in and to said real estate, and that August Peterson, being an alien, was barred from asserting an ownership therein. Upon hearing, summary decree was entered in accordance with the counterclaim. Plaintiff now contends (1) that registration of the 1936 quitclaim deed is barred by the Statute of Limitations applicable to written contracts, (2) that the decree of divorce ordering the conveyance is more than twenty years old and therefore unenforceable, (3) that defendant's relief is barred by the Alien's Act and (4) that the lower court was without authority to summarily decide the matter.

In support of her initial contention, plaintiff points out, first, that section 54 of the Torrens Act (Ill. Rev. Stat. 1959, chap. 30, par. 98), provides that until a deed to Torrens property is actually registered, it takes effect "only by way of contract, between the parties thereto, and as authority to the registrar to register the transfer, * * * upon compliance with the terms of this act" and, second, that in accordance with section 16 of the Limitations Act (Ill. Rev. Stat., 1959, chap. 83, par. 17,) suits on written

contracts must be commenced within ten years following the date upon which the action accrued. From this she argues that an unregistered deed to Torrens property, being a written contract, becomes unenforceable and may not be filed with the registrar after a period of ten years. Although the theory is novel, it lacks substantial merit. Whereas at common law a deed took effect upon delivery without regard to recordation, (*Williamson* v. *Williamson,* 306 Ill. 533; *Delfosse* v. *Delfosse,* 287 Ill. 251; *Doe* v. *Miles,* 2 Scam. 315,) under the Torrens Act it is the registration itself which completes the conveyance of legal title. (*People* v. *Mortenson,* 404 Ill. 107.) This does not mean, however, that under the registration statute an unfiled deed must be considered as a mere executory contract. Rather, as was pointed out in *Klouda* v. *Pechousek,* 414 Ill. 75, and *Naiburg* v. *Hendriksen,* 370 Ill. 502, a deed to Torrens property may take effect in equity upon delivery to the grantee so as to immediately pass the equitable title. In the former case an owner of joint tenancy property conveyed his interest to his children, but the deeds were not registered before the grantor's death. Nevertheless, we held that the mere delivery of the deeds transferred equitable title to the owner's one-half interest which would be enforced in equity. In *Naiburg* v. *Hendriksen,* 370 Ill. 502, which was a somewhat similar situation, we held that delivery of an unregistered deed conveyed equitable title so as to sever an existing joint tenancy. A somewhat reverse situation was presented in *Lucas* v. *Westray,* 408 Ill. 243, wherein we held that an unregistered deed by which the owner of Torrens property had sought to create a joint tenancy prior to his death was effective in equity to accomplish the intended purpose. Whereas the limitation statute is concerned with the enforcement of executory contracts, the duty to convey which devolved upon plaintiff in the present case was fully performed by the delivery of the quitclaim deed and at that time, nothing more remained

to be done upon her part. In essence, plaintiff then transferred the equitable title to the property and irrevocably authorized the grantee to register the deed and thus complete the conveyance. Pending this occurrence, plaintiff retained bare legal title under a contract fully executed by her, and there being no further act to be performed upon her part, no cause of action accrued against her which could be subsequently barred by the Limitations Act. The counterclaim filed by defendant in the present case was not a suit to enforce a contract but, instead, was an action against the registrar of titles to require the registration of the quitclaim deed. (Ill. Rev. Stat. 1959, chap. 30, par. 131.) It is our opinion that the Statute of Limitations for written contracts has no application to the present proceeding and is therefore no bar to the registration of the deed.

We fail to see the materiality of plaintiff's claim that the original divorce decree is now unenforceable. As mentioned before, the counterclaim did not seek to enforce the decree or to require plaintiff to perform any act, but sought only the permission of equity that the deed now be registered. The divorce decree itself is not in issue. Indeed, none of the acts directed by the decree remained to be performed.

Plaintiff next argues that August Peterson was barred from maintaining his counterclaim by section 6 of the Alien's Act (Ill. Rev. Stat. 1959, chap. 6, par. 6,) which provides that no alien shall, after two years from the time the action accrued, sue to recover lands from a citizen. Apart from the fact that this is not an action to recover land, since plaintiff fully performed her duty to convey immediately after the divorce was granted, there was at no time any action accruing against her which would have commenced the running of the limitation period. By the same token, defendant has not been guilty of *laches* as to the plaintiff.

Finally we must determine whether the pleadings with reference to defendant's counterclaim presented a question

of fact so as to prevent the entering of a summary decree. In his affidavit supporting the motion for summary decree, August Peterson re-alleged by reference all allegations contained in his counterclaim concerning the divorce decree and settlement, and in her counteraffidavit plaintiff alleged that the divorce settlement was "wholly inadequate and void" and "amounted to a fraud on the rights of the plaintiff." Certainly the mere inadequacy of consideration is not sufficient grounds to collaterally attack a judgment entered some twenty-three years previously, especially when we consider that Grace R. Kostelny was also the plaintiff in the divorce proceeding, that she voluntarily complied with the decree entered therein and accepted the benefits thereof, and that her attorney in the present action also represented her at the time of the divorce and thereafter. (*Lemon* v. *Lemon,* 14 Ill.2d 15; *Boylan* v. *Boylan,* 349 Ill. 471; *Reinken* v. *Reinken,* 351 Ill. 409; *Crane* v. *Crane,* 341 Ill. 363.) Rule 15 of this court (Ill. Rev. Stat. 1959, chap. 110, par. 101.15) provides that affidavits in opposition to motions for summary judgment or decree shall not consist of mere conclusions, but of such facts as would be admissible in evidence to show a genuine material issue of fact existing between the parties. (*Wanous* v. *Balaco,* 412 Ill. 545.) We believe no question of fact was presented by the pleadings so as to prevent the entering of a summary decree. Furthermore, we have heretofore held that in an action brought under the Torrens Act to compel the registration of a particular instrument, the court is without authority to review judgments entered in other separate and distinct proceedings. *Purchase* v. *Village of Des Plaines,* 324 Ill. 584.

For the reasons stated, the decree of the superior court of Cook County is affirmed.

*Decree affirmed.*