*In re* APPLICATION OF HARRY L. KLOCK *et al.*, to Register Title to Real Estate.

*In re* PETITION OF VERNAL ECHOLS for Transfer to Title and Removal of a Memorial—(VERNAL ECHOLS, Petitioner-Appellant.)

(No. 56668;

First District (4th Division)—March 14, 1973.

John Elson, of Chicago, for appellant.

Stradford, Lafontant, Fisher & Cousins, of Chicago, (Herbert H. Fisher, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

Vernal Echols, the petitioner, brought this action in the Circuit Court of Cook County seeking an order directing the Registrar of Titles to issue a certificate of title to certain real estate conveyed to her by her former husband and to remove from the certificate a memorial of a judgment in favor of the respondent, Independence Bank of Chicago.

The facts which give rise to this controversy are undisputed. On September 29, 1966, the Circuit Court of Cook County entered a decree of divorce providing in part that in consideration of $2,000, Valentine Echols, the petitioner's former husband, should execute a quit-claim deed conveying to the petitioner his interest in the subject real estate. At that time title to the property was registered in the names of Valentine Echols and Vernal Echols as joint tenants pursuant to the provisions of the Torrens Act. (Ill. Rev. Stat. 1971, ch. 30, par. 45 *et seq.*) In conformity to the terms of the divorce decree, the petitioner paid $2,000 to Valentine Echols, and he in turn executed and delivered a quit-claim deed, dated September 30, 1966, conveying his interest in the property to her. This deed was duly recorded with the Cook County Recorder of Deeds on October 18, 1966, but was not registered with the Registrar of Titles until September 22, 1971.

On May 19, 1969, the Independence Bank of Chicago obtained a judgment against Valentine Echols in the amount of $1,058.67. On January 21, 1971, the bank registered a memorial of this judgment in the office of the Registrar of Titles, creating a lien upon the subject property,

which the certificate of title still showed to be owned jointly by Valentine Echols and Vernal Echols.

Upon learning of the lien, Vernal Echols commenced the present action. After hearing evidence, the trial court on August 4, 1971, entered an order directing the Registrar of Titles to issue a certificate of title to Vernal Echols, but denied her further petition for removal of the memorial of judgment. On September 3, 1971, she moved for a rehearing based upon newly discovered evidence. This motion was denied, and she appealed from that part of the judgment denying her petition for removal of the memorial of judgment and, alternatively, from the denial of her motion for a rehearing. On appeal she contends first that the court erred in refusing to direct the Registrar of Titles to remove the memorial from her certificate of title and second that the court abused its discretion in denying her timely petition for rehearing. In view of our decision, it will be necessary to consider only the first contention.

■■ A conveyance of property registered under the Torrens Act is not complete until the deed or other instrument is registered with the Registrar of Titles. Prior to registration the deed functions as a contract between the parties and as authority to the registrar to register the transaction. (Ill. Rev. Stat. 1971, ch. 30, par. 98.) The registration itself completes the conveyance of legal title; however, a deed to Torrens property takes effect upon delivery to pass equitable title to the grantee. *Kostelny v. Peterson,* 19 Ill.2d 480; *Klouda v. Pechousek,* 414 Ill. 75; *Naiburg v. Hendriksen,* 370 Ill. 502.

■■ In the present case Valentine Echols executed a quit-claim deed to the subject property and delivered it to Vernal Echols on September 30, 1966. This severed the joint tenancy, and Valentine Echols had no further interest in the property. The deed was absolute in form and was recorded in the Cook County Recorder's office by Vernal Echols, who was in sole possession of the property. All of these events served as notice to the world that Valentine Echols no longer had an interest in the property. This notice is not diminished by the fact that the certificate of title continued to reflect joint ownership until registration was completed on September 22, 1971. See *Naiburg v. Hendriksen,* 370 Ill. 502, 507.

■■ With respect to the lien of an ordinary judgment against real estate in which the judgment debtor may have an interest, it is well established that such a lien is general and extends only to the debtor's interest in the property at the date of judgment. It is limited to the actual interest of the judgment debtor. (*Hooper v. Haas,* 332 Ill. 561; *East St. Louis Lumber Co. v. Schnipper,* 310 Ill. 150.) The Independence Bank obtained its judgment against Valentine Echols on May 19, 1969. As a judgment creditor the bank could assert no greater rights against the property than

could Valentine Echols, the judgment debtor. Echols had no interest in the property, and clearly the bank could acquire none. Equity regards as done that which in good conscience ought to be done. Vernal Echols could have registered her deed immediately upon delivery in 1966 and had she done so there is no question that the Registrar of Titles would have been required to issue a certificate of title to her. Such a certificate obviously would not have been subject to the lien of the bank's subsequent judgment against Valentine Echols. Under these circumstances the bank can hardly be said to have acquired an interest in the property merely because it registered its memorial while the naked legal title was still partially in Valentine Echols.

We conclude therefore that the trial court abused its discretion in refusing to direct the Registrar of Titles to remove the memorial of judgment obtained by the Independence Bank of Chicago from Vernal Echols' certificate of title and we so hold. That portion of the decree denying the petition for removal of the memorial is reversed and the cause is remanded with instructions to enter a decree granting the petition of Vernal Echols and directing the Registrar of Titles to remove from the certificate of title memorial number 2539677.

Reversed and remanded with directions.

ADESKO and DIERINGER, JJ., concur.